UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROXI A. GUILLORY                                             CIVIL ACTION

VERSUS                                                       NO. 22-311-JWD-RLB

COMMISSIONER OF SOCIAL SECURITY

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 5, 2024.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROXI A. GUILLORY**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 22-311-JWD-RLB**

**COMMISSIONER OF SOCIAL SECURITY**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Roxi Guillory's ("Plaintiff"), Memorandum regarding Order to Show Cause (the "Memorandum"); it is opposed (the "Opposition"). (R. Docs. 18, 23).

**I.     Background**

Plaintiff, through her *pro se* submissions, is asking this Court to reverse a denial of social security disability benefits. (R. Docs. 1, 18). On May 13, 2022, this Court received Plaintiff's complaint, but as Plaintiff did not comply with the procedures for appealing a social security decision, this Court issued a Show Cause Order on May 16, 2023, requiring Plaintiff to "show cause, in writing, why the claim against defendant(s) should not be dismissed under [Fed. R. Civ. P.] 16 and 41 . . . for failure to prosecute and comply with the Court's orders." (R. Doc. 17 at 1). On June 6, 2023, Plaintiff filed the instant Memorandum, and the Commissioner of Social Security ("Defendant") filed her Answer and her Opposition on August 7, 2023. (R. Docs. 18, 22, 23).

Plaintiff is appealing a denial of social security disability benefits "that was made on February 15, 2019" (the "Denial") before an Administrative Law Judge ("ALJ"). (R. Doc. 1 at 3). In her Memorandum, Plaintiff argues the denial of benefits should be reversed because, "since [Plaintiff] filed for disability December 1st 2016[, she has] been unable to keep a steady job because [her sickle cell disease] has impacted [her] everyday life[.]" (R. Doc. 18 at 2). Plaintiff alleges that her health has further deteriorated since the Denial and gives numerous

examples. (R. Doc. 18). In particular, Plaintiff claims that she (i) will soon undergo treatment and testing, including an MRI of her neck and spine, (ii) is "being tested for a condition called POTS[,]" (iii) has undergone physical therapy throughout 2022 and is scheduled to receive more, (iv) is "see[ing] several doctors each . . . month[,]" (v) is "getting worse not any better[,]" and (vi) has upcoming doctor's appointments for certain unspecified "procedures[.]" (R. Doc. 18).

In her Opposition, Defendant points out that Plaintiff's Memorandum fails to address the ALJ Denial and instead focuses on new disability complaints. (R. Doc. 23). Defendant asserts that because "Plaintiff is seeking benefits based on her current complaints," her application "should be denied." (R. Doc. 23 at 1). Defendant comes to this conclusion because "[e]xcept for the purposes of determining the appropriateness of a remand, the Court's review is limited to the certified administrative record. *Ellis v. Bowen,* 820 F. 2d 682, 684 (5th Cir. 1987)." (R. Doc. 23 at 4). Defendant also argues Plaintiff's case may not be remanded based on the new information since "remand is unavailable 'solely for the consideration of evidence of a subsequent deterioration of what was correctly held to be a non-disabling condition[.]' *Johnson v. Heckler,* 767 F. 2d 180, 183 (5th Cir. 1985)." (R. Doc. 23 at 3, 4). Thus, the Defendant maintains that "the current evidence of the record fully supports the ALJ's decision[.]" (R. Doc. 23 at 5).

**II.    Law and Analysis**

    **A.    Legal Standards**

This Court's review of the ALJ's decision is limited to an inquiry into whether there is "substantial evidence" to support the findings of the ALJ and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Falco v. Shalala,* 27 F. 3d 160, 162 (5th Cir.1994); *Villa v. Sullivan,* 895 F. 2d 1019, 1021 (5th Cir.1990); *Carey v. Apfel,* 230 F. 3d 131, 134-35 (5th Cir. 2000); *Hamilton-Provost v. Colvin,* 605 F. App'x 233, 236 (5th Cir. 2015). Substantial evidence, the Supreme Court has said, is "more than a mere scintilla." *Biestek v. Berryhill,* 139 S. Ct. 1148,

1154, 203 L. Ed. 2d 504 (2019) (citations omitted). "It means . . . 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citations omitted). The Fifth Circuit has held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Bailey v. Saul,* 853 F. App'x 934, 935 (5th Cir. 2021) (citations omitted). "The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the [ALJ] even if it finds that the evidence preponderates against the [ALJ's] decision." *Bonds v. Colvin,* No. CIV. A. 13-417-JJB, 2014 WL 4470732, at *1 (M.D. La. Sept. 10, 2014) (citations omitted).

In determining disability, an ALJ works through a five-step evaluation process that considers "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals an impairment listed in the regulations; (4) whether the claimant is capable of returning to his previous work; and (5) whether the claimant is capable of performing any other work." *Hamilton-Provost,* 605 F. App'x at 236 (citations omitted); *See* 20 C.F.R. § 404.1520(a). If the claimant is successful at all four of the preceding steps, the burden shifts to the ALJ to prove, considering the claimant's residual functional capacity ("RFC"), age, education and past work experience, that he or she is capable of working. 20 C.F.R § 404.1520(g)(1). If the ALJ proves other work exists which the claimant can perform, the claimant is given the chance to prove that he or she cannot, in fact, perform that work. *Hamilton-Provost,* 605 F. App'x at 236.

**B.    The ALJ's Determination**

After reviewing the evidence now present in the record, the ALJ issued a decision on February 15, 2019, making the following determinations. (Tr. 14, 15, 16, 17, 18, 19, 20, 21).

1. The claimant has not engaged in substantial gainful activity since December 1, 2016, the application date (20 CFR 416.971 *et seq.*). (Tr. 16).

2. The claimant has the following severe impairment: sickle cell anemia. (20 CFR 416.920(c)). (Tr. 16).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). (Tr. 18).

4. After careful consideration of the entire record, I find that the claimant has the [RFC] to perform the full range of medium work as defined in 20 CFR 416.967(c) meaning the claimant can lift and/or carry up to 50 pounds occasionally and 10 pounds frequently and can sit, stand and/or walk for six hours in an eight-hour day. (Tr. 18).

5. The claimant has no past relevant work (20 CFR 416.965). (Tr. 20).

6. The claimant was born on February 11, 1969 and was 47 years old, which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963). (Tr. 21).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964). (Tr. 21).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968). (Tr. 21).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a). (Tr. 21).

10. The claimant has not been under a disability, as defined in the Social Security Act, since December 1, 2016, the date the application was filed (20 CFR 416.920(g)). (Tr. 21).

    **C.    Analysis**

Because Plaintiff has failed to offer any argument as to why the ALJ's Denial should be reversed, other than the introduction of new evidence of a disability, this Court affirms the ALJ's Denial as it is supported by the record of the case. (R. Doc. 18). The ALJ correctly considered

the medical evidence and discussed Plaintiff's subjective complaints and reported activities when determining her RFC for the relevant period. (Tr. 14, 15, 16, 17, 18, 19, 20, 21). In finding that Plaintiff could perform a full range of medium work, the ALJ gave "significant weight" to the medical opinion of Herbert Meties, M.D. ("Dr. Meties"), the state agency medical consultant who gave the opinion that Plaintiff could perform medium work. (Tr. 20, 76, 77, 78, 79, 80, 81). The ALJ noted that Dr. Meties' opinion was consistent with the opinion of the consultative examiner, Douglas Davidson, Sr., M.D., who explained that Plaintiff was able to lift, carry, push, and pull up to 50 pounds. (Tr. 20, 72, 73, 74, 75). Given Plaintiff's RFC for a full range of medium work, the ALJ found, as directed by the Medical-Vocational Guidelines,[1] that Plaintiff was not disabled. 20 C.F.R. § Pt. 404, Subpt. P, App. 2. (Tr. 21).

Plaintiff disputes none of the above and has not alleged an error in the ALJ's assessment of the relevant time period. (R. Doc. 18). Instead, Plaintiff only alleges symptoms that arose after the ALJ made its decision. (R. Doc. 18). Plaintiff's reliance on her current complaints, complaints of deterioration, new medical record, and anticipated treatment and testing is misplaced. (R. Doc. 18). This Court may not reweigh the evidence that was before the ALJ or substitute its judgment for the ALJ's judgment, even if the evidence weighs against the ALJ's determination. *Carey*, 230 F.3d at 135. Certainly, this Court cannot review entirely new evidence unavailable to both Plaintiff and the ALJ at the time of the ALJ's review. This Court therefore finds that substantial evidence supports the ALJ's Denial. *Biestek*, 139 S. Ct. at 1154.

---

[1] As the ALJ correctly applied the Medical-Vocational Guidelines to conclude Plaintiff was not disabled, it was acceptable for no vocational expert to testify at the ALJ hearing. *Scott v. Shalala,* 30 F. 3d 33, 34 (5th Cir. 1994) (citations omitted) (The Medical-Vocational Guidelines may be relied on to "establish that work exists for a claimant only if the guidelines' 'evidentiary underpinnings coincide exactly with the evidence [in] the record.'"); *Carey,* 230 F. 3d at 145 (If a claimant suffers from "additional limitations that make the Medical–Vocational Guidelines inapplicable," testimony of a vocational expert is required.). (Tr. 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40).

The district court may remand the case if "there is new evidence which is material and . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *See* 42 U.S.C. § 405(g); *See also Ellis,* 820 F. 2d at 684. Evidence is material if there is "a reasonable possibility that it would have changed the outcome of the [ALJ's] determination." *Schuler v. Saul,* 805 F. App'x 304, 306 (5th Cir. 2020) (citing *Latham v. Shalala,* 36 F. 3d 482, 483 (5th Cir. 1994). Any new evidence offered by Plaintiff does not apply to the relevant time period. Accordingly, it is not probative of whether Plaintiff was to be considered disabled at the time the ALJ issued his decision. *Hamilton-Provost*, 605 F. App'x at 238-39. Thus, there is no possibility it could have changed the outcome of Plaintiff's disability determination. *Latham,* 36 F. 3d at 483. The new evidence is only relevant, if at all, as evidence of subsequent deterioration of a non-disabling condition. Such evidence need not addressed by an ALJ on remand; rather, a new claim is more appropriate. *Id*; *Hamilton-Provost,* 605 F. App'x at 238 (citing *Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir. 1985) ("[S]ubsequent deterioration . . . may form the basis for a new claim.")).

### III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the decision of the ALJ be **AFFIRMED** and that Plaintiff's appeal be **DISMISSED with prejudice.**

Signed in Baton Rouge, Louisiana, on February 5, 2024.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**